# EXHIBIT A

EFILED LUCAS COUNTY
12/30/2019 01:35 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 47206

IN THE COURT OF COMMON PLEA
LUCAS COUNTY OHIO

G-4801-CI-0201904885-000
Judge
ALFONSO J GONZALEZ

| | | |
|---|---|---|
| Michael Rice | * | Case No: |
| 3490 Woodmont Drive | * | |
| Lambertville, MI 48144 | * | Judge: |
| | * | |
| Plaintiff, | * | **COMPLAINT WITH JURY DEMAND** |
| | * | |
| vs. | * | |
| | * | |
| Grimon Properties, LLC | * | |
| Attention: George Simon | * | |
| 5215 Monroe St., Suite 9 | * | Matthew B. Bryant (0085991) |
| Toledo, Ohio 43623 | * | **BRYANT LEGAL, LLC** |
| | * | 3450 W. Central Avenue, Suite 370 |
| Defendant. | * | Toledo, Ohio 43606 |
| | * | Ph:  (419) 824-4439 |
| | * | Fax:  (419) 932-6719 |
| | * | mbryant@bryantlegalllc.com |
| | * | |
| | * | Attorney for Plaintiff |
| | * | |

**********************************************************

Now comes Plaintiff, Michael Rice, complaining of Defendant, Grimon Properties, LLC,

as follows:

**GENERAL ALLEGATIONS**

1.     At all times relevant, Plaintiff Michael Rice (hereinafter "Plaintiff" or "Mr. Rice")

was employed by Defendant Grimon Properties, LLC (hereinafter "Defendant" or "Grimon") in

**EXHIBIT A**

Toledo, Ohio as a Property Manager.

2.      Plaintiff maintained this position without incident for approximately 13 years until he was injured on the job.

3.      On or about September 14, 2019, Plaintiff was injured and subsequently filed a workers' compensation claim for an injury that occurred at Plaintiff's place of employment, which resulted in the removal of two of Plaintiff's fingers due to the workplace injury.

4.      Plaintiff has been forced to undergo surgery due to the injuries sustained as related to the workers' compensation claim.

5.      He also was forced to take a temporary medical leave as a result of the injuries and disabilities, actual or perceived, while he is anticipated to recover.

6.      During the course of Plaintiff's 13 years of employment with Defendant, Plaintiff was a valued member of his team, and he received positive performance reviews, thereby enhancing Defendant's reputation in the community and enjoyed an otherwise positive relationship with Grimon until the aforementioned injuries were sustained by Plaintiff.

7.      Subsequent to filing his workers' compensation claim, Plaintiff was terminated. Plaintiff soon learned that his position had not been eliminated, but that Grimon determined to terminate Plaintiff because of his workers' compensation claim or because of his disability, actual or perceived.

8.      Upon information and belief, Grimon utilized Plaintiff's workers' compensation claim and/or disability as a decision to terminate and/or deny Plaintiff's employment despite his 13-year relationship with Grimon.

## COUNT ONE
### Workers Compensation Retaliation
### O.R.C.§4123.90

9.  Plaintiff incorporates by reference paragraphs 1 through 8 above as though fully rewritten herein.

10.  Within a short period of time of learning Plaintiff had filed a worker's compensation claim, Defendants selected Plaintiff for termination as a result of Plaintiff's claim.

11.  The justification that Defendant used in terminating Plaintiff was that his position had been "eliminated," but this was merely pretext for Plaintiff's worker's compensation claim for his workplace injury, in violation of Ohio law.

12.  On or about November 12, 2019, a date within ninety (90) days of Plaintiff's termination, Defendant received written notice of a claimed violation of O.R.C. §4123.90. To date, no response to the notice has been received, thereby necessitating this action.

13.  As a direct and proximate result of Defendants' violation of §4123.90, Plaintiff has been damaged and has suffered:

    (a)    Lost wages and future earnings;

    (b)    Lost benefits including bonus pay, health benefits, insurance benefits, vacation benefits, and pension benefits; and

    (c)    Time and money endeavoring to protect himself from Defendants' unlawful actions, including costs and reasonable attorney fees.

## COUNT TWO
### Disability Discrimination
### O.R.C. §4112(A)

14.  Plaintiff incorporates by reference paragraphs 1 through 13 above as though fully rewritten herein.

3

15.     As a result of suffering a hand injury and losing two fingers during the course of his employment with Defendant, Plaintiff is disabled, was perceived as disabled, or is a person with a history of disability within the meaning given those terms pursuant to the Americans with Disability Act and the Ohio Revised Code.

16.     Notwithstanding the facts alleged in the preceding paragraph, Plaintiff was at all times able to perform the essential functions of his job as a Property Manager for Defendant with or without an accommodation.

17.     After he suffered the above-described injury, Grimon selected Plaintiff for termination due to his injuries, whereby it also utilized Plaintiff's disability in its decision to deny continued employment to Plaintiff. Grimon utilized Plaintiff's disability (hand injury that resulted in the removal of two fingers) in its decision to terminate and/or deny continued employment to Plaintiff, disparately.

18.     The justification Defendant used in making the decision to terminate Plaintiff that his position was "eliminated" was merely pretext due to the decision to continue employment and/or offer hire and/or employment to similarly situated but non-disabled, perceived of as being disability, or with a history of disability employees with Defendant.

19.     As a direct and proximate result of Defendant's actions, Plaintiff has been damaged and has suffered: lost wages and future earnings; lost benefits including health benefits, insurance benefits, vacation benefits, and pension benefits; loss of reputation; mental anguish and emotional distress; humiliation, embarrassment, and loss of self-esteem; and time and money endeavoring to protect himself from defendants' unlawful actions, including costs and reasonable attorney fees.

4

## COUNT THREE
### Retaliation
### Ohio Revised Code § 4112.02(I)

20.    Plaintiff incorporates by reference paragraphs 1 through 19 above as though fully rewritten herein.

21.    Plaintiff engaged in protected activity by requesting reasonable accommodations under Ohio law, including but not limited to, medical leave.

22.    Defendant knew that Plaintiff engaged in protected activity.

23.    Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: (1) denying him reasonable accommodation and terminating his employment; (2) holding his use of medical leave for his disability as a negative factor in Plaintiff's employment given the termination at issue; (3) terminating his employment; and (5) otherwise treating him less favorably than similarly situated employees who after reasonable opportunity for discovery are not disabled, actual or perceived, and who do not have a record of a disability.

24.    By Defendant's foregoing omissions and commissions, Defendant has violated Ohio Revised Code § 4112.02(I).

25.    As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to emotional distress and the loss of compensation, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

26.    Defendant's conduct was willful, wanton, reckless, and/or malicious for which Defendant is liable for compensatory damages, punitive damages, reasonable attorneys' fees, costs, declaratory and injunctive relief, and all other relief available under Ohio law.

**WHEREFORE,** Plaintiff prays for judgment for compensatory damages in excess of $25,000.00; for punitive damages in excess of $25,000.00; for reinstatement, back pay and benefits, attorneys' fees, court costs, pre and post-judgment interest, and for any other relief this Court deems just and equitable.

Respectfully submitted,
Bryant Legal, LLC

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
Counsel for Plaintiff

## JURY DEMAND

Plaintiff demands a trial by jury on all issues triable by jury.

Respectfully submitted,
Bryant Legal, LLC

/s/ Matthew B. Bryant
Matthew B. Bryant (0085991)
Counsel for Plaintiff

6

## LUCAS COUNTY COMMON PLEAS COURT
## CASE DESIGNATION

EFILED LUCAS COUNTY
12/30/2019 01:35 PM
COMMON PLEAS COURT
BERNIE QUILTER, CLERK
efile id 47206

**TO:** **Bernie Quilter, Clerk of Courts**

CASE NO._____

JUDGE____

G-4801-CI-0201904885-000
Judge
**ALFONSO J GONZALEZ**

The following type of case is being filed:

**Professional Malpractice**
- [ ] Legal Malpractice (L)
- [ ] Medical Malpractice (M)
- [ ] **Product Liability (B)**
- [ ] **Other Tort (C)**

**Workers' Compensation**
- [ ] State Funded (D)
- [ ] Self Insured (K)

- [ ] **Administrative Appeal (F)**

- [ ] **Commercial Docket**

By submitting the complaint, with the signature of the Attorney, the Attorney affirms that the name of person with settlement authority and his/her direct phone number will be provided upon request to a party or counsel in this matter

**Other Civil**
- [ ] Consumer Fraud (N)
- [ ] Appropriation (P)
- [x] Other Civil (H)
- [ ] Copyright Infringement (W)
- [ ] Forfeiture
- [ ] Court Ordered
- [ ] Certificate of Title

This case was previously dismissed pursuant to CIVIL RULE 41 and is to be assigned to Judge _____, the original Judge at the time of dismissal. The previously filed case number was CI_____.

This case is a civil forfeiture case with a criminal case currently pending. The pending case number is_____, assigned to Judge _____.

This case is a Declaratory Judgment case with a personal injury or related case currently pending. The pending case number is_____, assigned to Judge _____.

This case is to be reviewed for consolidation in accordance with Local Rule 5.02 as a companion or related case. This designation sheet will be sent by the Clerk of Courts to the newly assigned Judge for review with the Judge who has the companion or related case with the lowest case number. The Judge who would receive the consolidated case may accept or deny consolidation of the case. Both Judges will sign this designation sheet to indicate the action taken. If the Judge with the lowest case number agrees to accept, the reassignment of the case by the Administration Judge shall be processed. If there is a disagreement between the Judges regarding consolidation, the matter may be referred to the Administrative Judge.

Related/companion case number_____ Assigned Judge_____

_____ _____
Approve/Deny          Date          Approve/Deny                    Date

**Attorney** Matthew B. Bryant (0085991)
**Address** Bryant Legal, LLC
3450 W Central Ave., Suite 370, Toledo, Ohio 43604
**Telephone** 419.824.4439

## LUCAS COUNTY COMMON PLEAS COURT
### CORNER ADAMS & ERIE STREETS
### TOLEDO, OHIO 43604
## SUMMONS
## CIVIL ACTION

**FILING TYPE:**                    **OTHER CIVIL**

GRIMON PROPERTIES LLC                    G-4801-CI-0201904885-000
ATTENTION: GEORGE SIMON                  JUDGE:  ALFONSO J GONZALEZ
5215 MONROE ST SUITE 9
TOLEDO, OH 43623

     You have the right to seek legal counsel.  If you cannot afford a lawyer, you may contact the Legal Services of Northwest Ohio.  If you do not qualify for services by the Legal Services of Northwest Ohio and do not know an attorney you may contact the Toledo Bar Association's Lawyer Referral Service (419) 242-2000.

---

     You have been named as a defendant in a Complaint filed in this Court by the plaintiff named below.  A copy of the Complaint  is attached to this Summons.

     You are hereby summoned and required to serve upon the plaintiff's attorney, or upon the plaintiff, if he has no attorney of record, a copy of an answer to the complaint, within twenty-eight (28) days after you receive this Summons, exclusive of the of the day of service  or   to an amended complaint within the remaining response time to the complaint or 14 days, whichever period may be longer.  Your answer must be filed with the Clerk of Court of Common Pleas within three (3) days after the service of a copy of the Answer on the plaintiff's attorney.

     If you fail to serve and file your Answer, judgment by default will be rendered against you for the relief demanded in the Complaint.

---

PLAINTIFF (S)                              ATTORNEY FOR PLAINTIFF(S)
MICHAEL RICE                               MATTHEW B BRYANT
3490 WOODMONT DRIVE                        3450 W CENTRAL AVENUE SUITE 370
LAMBERTVILLE, MI 48144                     TOLEDO, OH 43606

                                           BERNIE QUILTER
                                           CLERK OF COURTS

Date:  December 31, 2019

                                           _J Bernie Quilter_____ , Clerk



# IF YOU DO <u>NOT</u> HIRE AN ATTORNEY
## PLEASE READ & RESPOND
### (mark <u>one</u> & respond)

☐ I request to be notified by <u>email</u>

My email address _____

**OR**

☐ I request to be notified by <u>regular mail</u>
*(Clerk will forward to Court for approval)*

My mailing address _____
_____
_____

Send email to: Lwatt@co.lucas.oh.us
Subject:      G-4801-CI-0201904885-000
              GRIMON PROPERTIES LLC
Message:      Your email address

**Return this Form with your address to:**
Clerk of Court
Lucas County Common Pleas Court
700 Adams
Toledo, OH 43604

## If you do NOT hire an attorney & fail to respond
## you will NOT receive notification of events related to this case

Case Information is available Online at:
www.co.lucas.oh.us/Clerk
click on the "Dockets Online" link

*Local Rule 5.05 H. SERVICE BY CLERK'S OFFICE Once journalized, the Clerk of courts Office will transmit the entries to the email address submitted by the parties. Counsel for a party or Pro Se litigant representing themselves who do not have an email address may, by motion, request ordinary mail service of entries by the Clerk of Courts Office.*

G-4801-CI-0201904885-000   GRIMON PROPERTIES LLC  Generated:  December 31, 2019

**SENDER  COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

GRIMON PROPERTIES LLC
G-4801-CI-0201904885-000  CK*

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature

X

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
If YES, enter delivery address below:  ☐ No

9590 9402 5236 91   1458 31

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery
(over $500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Return Receipt for Merchandise
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

2. Article Number (Transfer from service label)

7019 0700 0000 5010 9135

PS Form 3811, July 2015 PSN 7530-02-000-9053     Domestic Return Receipt

USPS TRACKING #

9590 9402 5236 9122 1458 31

United States Postal Service

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

**Bernie Quilter**
**Lucas County Clerk of Courts**
**700 Adams St.**
**Toledo, Ohio  43604**